AMERICAN SPECIALTY STAMPING CO v. NEW ENGLAND ENAMEL-
ING CO.

(Circuit Court, S. D. New York. March 14, 1910.)

PATENTS (§ 283*)—SUIT FOR INFRINGEMENT—DEFENSES—ESTOPPEL.

A defendant in a suit for infringement of a patent, which prior to the
suit entered into a contract with the complainant in which it conceded the
validity of the patent and agreed not to infringe it in the future, is es-
topped to deny such validity or the fact of infringement prior to the
agreement, and can only contest the question of subsequent infringement.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 452; Dec. Dig.
§ 283.*]

In Equity. Suit by the American Specialty Stamping Company
against the New England Enameling Company. On exceptions to
answer. Exceptions sustained in part.

Briesen & Knauth, for complainant.
Steinhardt & Goldman, for defendant.

COXE, Circuit Judge. The parties entered into an agreement
dated April 30, 1906, by which the defendant conceded the validity
of the complainant's letters patent No. 507,281 and agreed not to
infringe it in the future. It is manifest, therefore, that the corporate
existence of the parties, the validity of the patent and the fact of
infringement prior to the date of the agreement are no longer at issue
between the parties. The defendant cannot contend that the kettles
which it made prior to that agreement did not infringe the claims of
the patent. It is open for the defendant to show that the kettles
made since the date of the agreement, assuming that they differ from
those made before, do not infringe. I am unable to see that any other
defense is open to the defendant. The exceptions are allowed ex-
cept the sixth, ninth and tenth. The remaining averments of the an-
swer will enable the defendant to show, if the fact be so, that the ket-
tles made since the agreement are not within the patent, but it is es-
topped by the terms of the agreement from disputing any question
settled by its provisions